**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

STEPHEN E. WILLETT,

                    **Plaintiff,**

v.

MS. CHUMLY,
and RACHEL DODD,

                 **Defendants.**

**Case No. 26-cv-00250-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Stephen Willett commenced this lawsuit while an inmate in the custody of the Illinois Department of Corrections. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### DISCUSSION

Plaintiff asserts that on February 27, 2026, while he was incarcerated at Vandalia Correctional Center, he received a piece of mail marked "legal mail" from the Janssen Law Center that had been opened outside of his presence. (Doc. 1, p. 6). Plaintiff asked for a lieutenant to come and inspect the letter, but the on-duty sergeant came to his cell instead. The sergeant advised him to file a grievance, and so, he submitted a grievance that same day. On March 2, 2026, Plaintiff received another piece of mail marked "legal mail" from the Janssen Law Center, which had also

been opened outside of his presence. When Plaintiff complained to Lieutenant McCarty, McCarty suggested that he file a grievance. Plaintiff did not file a grievance since he had just filed one three days prior. (*Id.*).

As pled, Plaintiff has failed to state a claim against the named Defendants. Plaintiff sues Ms. Chumly, who he describes as someone who works in mail services, and Warden Rachel Dodd. (Doc. 1, p. 1-2). Neither individual, however, is identified in the Statement of Claim. To survive preliminary review under Section 1915A, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and which includes "enough facts to state a claim to relief that is plausible on its face." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Plaintiff is required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *Id.* at 555. Further, because Plaintiff brings his claims under Section 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka,* 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). A defendant cannot be held liable simply because they were in a supervisory position. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (the "doctrine of respondeat superior does not apply to §1983 actions"). Because Plaintiff does not describe any acts or omissions on the part of Defendants, he has failed to state a constitutional claim against them.

Additionally, the Court finds that the facts as pled do not plausibly describe a violation of

the First and Fourteenth Amendments.[1] Although the letters were from a law firm and marked "legal mail," not every letter from a law office qualifies as privileged legal communication to be opened in the presence of the inmate. *See Guajardo-Palma,* 622 F.3d at 805-806. Furthermore, even when prison officials have improperly opened or interfered with legal mail, a plaintiff must still demonstrate some hindrance to his ability to prosecute a meritorious legal claim in order to maintain a claim for denial of access to the courts. No constitutional claim is stated unless the element of prejudice is met. *Id.*

Here, Plaintiff does not plead any facts suggesting that he was hindered in his efforts to pursue a legal claim or defense because the two letters were opened outside of his presence. The letters themselves do not appear to contain any confidential information that would impact a case. They are letters from Janssen Law Center declining to represent Plaintiff in various civil lawsuits, which he has filed on the public record.[2] Because the Court cannot plausibly infer that the opening of the letters interfered with Plaintiff's ability to purse a legal claim or defense, he has failed to state a constitutional claim. *See Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006).

Plaintiff has failed to state a constitutional claim against the Defendants; therefore, the Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be

---

[1] The Seventh Circuit has clarified that, because a confidential communication with a lawyer is aimed to win a case rather than to enrich the marketplace of ideas, it is "more straightforward" to view an interference with legal mail claim as infringing on the right of access to the courts as opposed to the right of free speech. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 801, 803 (prison official reading mail to or from prisoners who sue them "is like a litigant's eavesdropping on conferences between his opponent and the opponent's lawyer."); *see also Delgado v. Godinez,* 683 F. App'x 528, 529 (7th Cir. 2017).

[2] *See Willett v. Illinois Department of Corrections,* No. 26-cv-00859-SMY, Doc. 16 (S.D. Ill.) (Plaintiff's motion for recruitment of counsel includes a letter from Janssen Law Center, dated March 6, 2026, explaining that the law firm has received six letters from Plaintiff and is declining to represent him). *See also* Doc. 2, p. 5 of this case.

futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). The Court is convinced that there is no set of facts Plaintiff could present relating to the opening of the two letters from Janssen Law Center outside of his presence that would be sufficient to state a valid claim for the violation of his constitutional rights. Therefore, this case will be dismissed with prejudice for failure to state a claim, and this dismissal constitutes a strike under 28 U.S.C. § 1915(g).

### DISPOSITION

For the reasons stated above, the Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. This Court considers the dismissal of this action as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is advised that he remains obligated to pay the $350.00 filing fee for this case. (Doc. 11). The Motion for Recruitment of Counsel and the second Motion for Leave to Proceed IFP are **DENIED** as moot. (Doc. 2, 12).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 5, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**